## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **ROBERT CANTRELL,** § | | |
| *Plaintiff,* § | | |
| **vs.** § | | |
| § | **Cause No.** | 6:21-cv-01116 |
| **RONALD L. FERGUSON, DIMOVSKI** § | | |
| **CORP., UNIQUE TRANSPORT** § | | |
| **INCORPORATED AND AMS GLOBAL,** § | | **JURY DEMAND** |
| **INC.** § | | |
| *Defendants.* § | | |

## NOTICE OF REMOVAL

### TO THE HONORABLE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Ronald L. Ferguson, Dimovski Corp., Unique Transport Incorporated, and AMS Global, Inc. hereby file this Notice of Removal as to the state court action styled *Robert Cantrell v. Ronald L. Ferguson, Dimovski Corp., Unique Transport Incorporated and AMS Global, Inc.* (collectively "Defendants"), from the 66th Judicial District Court of Hill County, Texas, to the United States District Court for the Western District of Texas, Waco Division. This action is properly removed to Federal Court for the reasons set forth below.

Defendants are entitled to removal because diversity jurisdiction lies in the United States District Court for the Western District of Texas. Diversity jurisdiction exists where there is complete diversity between the Plaintiff and Defendants and where the amount in controversy exceeds $75,000.00.[1] In this matter, there is complete diversity of jurisdiction, and the amount in controversy exceeds $75,000.00.

---

[1] *See* 28 U.S.C. § 1332(a).

## I.      Documents Attached in Support of this Notice of Removal

1.      An index of all documents, including the date each document was filed in state court, is attached as **Exhibit A**.

2.      A copy of the state court docket sheet is attached as **Exhibit B**.

3.      A copy of each document filed in the state court action is attached as **Exhibits C-1** through **C-9**.

4.      A copy of Defendants' Certificate of Interested Persons is attached as **Exhibit D**.

5.      A copy of Defendant Unique Transport Incorporated's Corporate Disclosure Statement is attached as **Exhibit E**.

6.      Attached as **Exhibit F** is a copy of the Notice of Filing of Removal for the 66th Judicial District Court of Hill County, Texas.

## II.      This Notice Complies with the Procedural Requisites of 28 U.S.C. §§ 1441 and 1446

7.      Plaintiff filed a civil action against Defendants in the 66th Judicial District Court of Hill County, Texas, styled *Robert Cantrell v. Ronald L. Ferguson, Dimovski Corp., Unique Transport Incorporated and AMS Global, Inc.*, Cause No. CV519-21DC (hereinafter the "State Court action").[2]

8.      Plaintiff obtained service of process on Defendant Ferguson on September 28, 2021.[3] Defendant Ferguson answered and entered an appearance in the underlying State Court action on October 22, 2021.[4]

---

[2] *See* **Exhibit C-2**, Plaintiff's Petition.
[3] *See* **Exhibit C-8**, Return of Service for Ronald L. Ferguson.
[4] *See* **Exhibit C-7**, Defendants' Answer.

9.     Plaintiff obtained service of process on Defendant Unique Transport on October 5, 2021. Defendant Ferguson answered and entered an appearance in the underlying State Court action on October 22, 2021.[5]

10.    Upon information and belief, Plaintiff obtained service of process on Defendant Dimovski on October 15, 2021. As of the date of this filing, Defendant Dimosvski has not answered or entered an appearance in the underlying State Court action.

11.    Upon information and belief, Plaintiff obtained service of process on Defendant AMS Global on October 8, 2021. As of the date of this filing, Defendant AMS Global has not answered or entered an appearance in the underlying State Court action.

12.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) as it is filed within thirty days of when each Defendant first received a copy of *Plaintiff's Original Petition*.

13.    Venue is proper in this Division and District pursuant to 28 U.S.C. § 1441 because the State Court action was originally filed in Hill County, Texas, which is within the Waco Division of the United States District Court for the Western District of Texas.

14.    As required by 28 U.S.C. § 1446(d), Defendants Ferguson and Unique Transport have filed the attached Notice of Filing of Notice of Removal with the 66th Judicial District Court in Hill County, Texas on the date the original Notice of Removal was filed.[6]

### III.    <u>Standard for Diversity Jurisdiction</u>

15.    Diversity jurisdiction exists where there is complete diversity between Plaintiffs and Defendants and where the amount in controversy exceeds $75,000.00.[7]

---

[5] *See* **Exhibit C-7**, Defendants' Answer.
[6] *See* **Exhibit F**, Notice of Filing Notice of Removal.
[7] *See* 28 U.S.C. § 1332(a).

16.     A natural person is considered a citizen of the state where he or she is domiciled, and "the place of residence is prima facie the domicile."[8]  However, citizenship requires not only residence, but the "purpose to make the place of residence is one's home."[9]

17.     A corporation is a citizen of the state in which it is incorporated and where it has its principal place of business.[10]

18.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) in that there is complete diversity between all joined parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## IV.     This Court Has Diversity Jurisdiction Over This Case

19.     Plaintiff is a citizen of Texas as he is domiciled in Dallas County, Texas with the purpose of making Dallas County, Texas his home.  The pleadings before the Court establish, and Defendant asserts, that Plaintiff is a citizen of Texas for diversity jurisdiction purposes as his place of residence is in Dallas County, Texas[11], and it is clear that he has made the residence his home.

20.     Defendant Ferguson is an individual whose citizenship for purposes of jurisdiction is determined by his place of domicile.[12]  Defendant Ferguson is a citizen of Tennessee and at all relevant times has been domiciled at 5894 Martin Highway, Union City, Tennessee 38261.[13]  Ferguson has at all relevant times intended to make Union City, Tennessee his home.  Accordingly, Defendant Ferguson is a citizen of the State of Tennessee for purposes of 28 U.S.C. § 1332(a).

---

[8] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019 (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).
[9] *Id.* (quoting, *State of Texas v. state of Florida*, 306 U.S. 398, 59 S. Ct. 563, 83 L.#d. 817(1939)(internal quotations omitted).
[10] *See* 28 U.S.C. § 1332(c)(1); *Underwood Res., LLC v. Brigadier Oil & Gas, LLC*, 3:15-CV-1024-L, 2015 WL 11120876, at *2 (N.D. Tex. June 18, 2015).
[11] *See* **Exhibit C-2**, *Plaintiff's Original Petition* at ¶ 2
[12] *See* 28 U.S.C. § 1332(c)(1); *Underwood Res., LLC v. Brigadier Oil & Gas, LLC*, 3:15-CV-1024-L, 2015 WL 11120876, at *2 (N.D. Tex. June 18, 2015).
[13] *See* **Exhibit C-2,** Plaintiff's Petition at ¶ 3.

21.     Defendant Unique Transport is incorporated under the laws of the State of Illinois. Unique Transport's principal place of business is located at 16W345 83rd Street, Suite C, Burr Ridge, Illinois.[14]   Therefore, Defendant Unique Transport is a citizen of Illinois for purposes of diversity jurisdiction.[15]

22.     Defendant Dimovski Corp. is incorporated under the laws of the State of Illinois. Defendant Dimovski Corp. has its principal place of business at 9447 S. 86th Court, Apartment 303A, Hickory Hills, Illinois.[16]   Therefore, Defendant Dimovski Corp. is a citizen of Illinois for purposes of diversity jurisdiction.[17]

23.     Defendant AMS Global, Inc. is incorporated under the laws of the State of Illinois. Defendant AMS Global, Inc. has its principal place of business at 9510 S. 86th Avenue, Apartment 305, Hickory Hills, Illinois.[18]   Therefore, Defendant AMS Global, Inc. is a citizen of Illinois for purposes of diversity jurisdiction.[19]

24.     Because Plaintiff is a resident of the State of Texas, and Defendants are citizens of the State of Tennessee and the State of Illinois, there is complete diversity of citizenship between Plaintiff and Defendants as required by 28 U.S.C. § 1332(a),(c).

25.     Plaintiff alleges in his Original Petition that he is seeking damages in excess of $100,00.00.[20]   Accordingly, Plaintiff has asserted alleged damages in excess of the $75,000.00 minimum jurisdictional amount required by 28 U.S.C. § 1332.

---

[14] *See* **Exhibit C-2,** Plaintiff's Petition at ¶5.
[15] *See* 28 U.S.C. § 1332(a).
[16] *See* **Exhibit C-2**, Plaintiff's Petition at ¶4.
[17] *See* 28 U.S.C. § 1332(a).
[18] Plaintiff pleads a prior Illinois address as this Defendant's principal place of business; *See* **Exhibit C-2**, Plaintiff's Petition at ¶6.
[19] *See* 28 U.S.C. § 1332(a)
[20] *See* **Exhibit C-2**, Plaintiff's Petition; Tex. R. Civ. P. 47(c)(3).

26.     As there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00, this case satisfies the jurisdictional requirements set forth in 28 U.S.C. § 1332.

WHEREFORE, PREMISES CONSIDERED, Defendants Ronald L. Ferguson, Dimovski Corp., Unique Transport Incorporated, and AMS Global, Inc., pursuant to the foregoing statutes, remove this action for trial from the 66th Judicial District Court of Hill County, Texas, styled *Robert Cantrell v. Ronald L. Ferguson, Dimovski Corp., Unique Transport Incorporated and AMS Global, Inc.*, Cause No. CV519-21DC, to this Court on October 28, 2021.

RESPECTFULLY SUBMITTED,

**MACDONALD DEVIN MADDEN KENEFICK & HARRIS, P.C.**

*/s/ Patrick F. Madden*
**PATRICK F. MADDEN**
State Bar No. 00787943
PMadden@MacdonaldDevin.com
**JENNIFER A. CHEEK**
State Bar No. 24096650
JCheek@MacdonaldDevin.com
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
214.744.3300 Telephone
214.747.0942 Facsimile
***Counsel for Defendants Ronald L. Ferguson, Dimovski Corp., Unique Transport Incorporated, and AMS Global, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

On October 28, 2021, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Patrick F. Madden*
PATRICK F. MADDEN